Michael L. MENTZER and Leo W. Scully, Appellants

v.

Cathy L. LANIER, in her Official Capacity as Chief of the Metropolitan Police Department, Appellee.

No. 10–7014.

United States Court of Appeals, District of Columbia Circuit.

Oct. 25, 2010.

Zachary Jay Wolfe, Washington, DC, for Appellants.

Donna M. Murasky, Esquire, Deputy Solicitor, Carl James Schifferle, Assistant, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and ROGERS and GARLAND, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Metropolitan Police officers Leo Scully and Michael Mentzer allege that they were subjected to a hostile work environment and endured various other acts of retaliation in response to protected disclosures they made regarding improper management and racial/gender discrimination in the Department's Horse Mounted Unit (HMU). Appellants cite as retaliation: 1) the revocation of their police powers for approximately two months in 2004 follow-ing an allegation that they assaulted a U.S. Park Police officer; 2) Sergeant Scully's transfer out of the HMU in August 2004; 3) the discipline Officer Mentzer received for missing a medical appointment in May 2005; 4) Officer Mentzer's transfer out of the HMU in June 2005; and 5) the Department's decision in August 2008 to investigate both officers for secretly recording meetings with their superiors.

■ Respondent has argued that claims under the D.C. Whistleblower Protection Act, D.C.Code § 1–615.51, relating to alleged incidents of retaliation occurring before February 15, 2005, are barred by the statute of limitations. Appellants have not challenged this assertion and thus have forfeited their Whistleblower Act claims regarding the revocation of police powers and transfer of Scully. Retaliation claims under Title VII, 42 U.S.C. § 2000e *et seq.*, or the D.C. Human Rights Act, D.C.Code § 2–1401 *et seq.*, arising from these incidents are likewise non-actionable because the incidents occurred before the officers filed complaints alleging discrimination. *See* Complaint ¶ 41 ("In March 2005, Plaintiffs ... file[d] formal charges of discrimination under Title VII of the Civil Rights Act with the D.C. Office of Human Rights.").

■ The remaining retaliation claims fail because appellants have not offered evidence sufficient to show that the Department's proffered reasons for its actions were pretextual or that is otherwise sufficient for a reasonable juror to conclude the actions were discriminatory. *See Woodruff v. Peters*, 482 F.3d 521, 529 (D.C.Cir.2007). With respect to the discipline Officer Mentzer received, the Department made clear that Officer Mentzer's failure to attend his medical appointment was the reason for his discipline, and appellants have not demonstrated that similarly situated employees

were treated differently. *See* J.A. 127. With respect to Officer Mentzer's transfer, his deposition confirms the Department's assertion that he was removed from the HMU at his own request. *See* J.A. 69. And with respect to the taping incident, respondent presented evidence that the recordings were made in violation of Department policy, and appellants do not challenge this basis for the investigation. *See* J.A. 130. Appellants also fail to explain how the investigation was retaliatory, given that it occurred more than three years after any alleged protected activity. *See Woodruff*, 482 F.3d at 529.

Appellants' hostile work environment claim fails because their allegations are conclusory, and the isolated incidents identified are not "sufficiently severe or pervasive to alter the conditions of employment." *See Steele v. Schafer*, 535 F.3d 689, 694 (D.C.Cir.2008).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).